UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON A. RITTON-HOLLY, | : |
|     Plaintiff | : |
| | : |
| v. | : No. 3:06 CV 1036 (MRK) |
| | : |
| | : |
| GRIFFIN HOSPITAL, CHRISTINE COOPER | : |
|     and MARGE DEEGAN, | : |
|     Defendants | : |

## RULING AND ORDER

In her Complaint [doc. # 1] in this action, Plaintiff Sharon A. Ritton-Holly alleges that the Defendants Griffin Hospital, Christine Cooper and Marge Deegan violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (the "ADA") and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60(a)(1) and -60(a)(5) (the "CFEPA"). Plaintiff also asserts causes of action under Connecticut's common law. The complaint describes Ms. Cooper as "the Hospital's Radiology Manager" and Ms. Deegan as "the Hospital's Vice President of Ambulatory Services." Complaint [doc. # 1] ¶¶ 10, 11.

Currently pending before the Court are Ms. Cooper's and Ms. Deegan's Motion to Dismiss [doc. # 8] Counts One and Two, alleging violations of the ADA, and Counts Three and Four, alleging violations of the CFEPA, Conn. Gen. Stat. § 46a-60(a)(1). Defendants contend that neither the ADA nor CFEPA provide for individual employee liability for violations of those acts. Plaintiff concedes that "Connecticut state law precludes the individual liability of Defendants Ms. Cooper and Ms. Deegan. *See Perodeau v. City of Hartford*, 259 Conn. 729, 734-44 (2002)." Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss [doc. # 11] at 7. However,

1

Plaintiff asserts that the ADA does permit individual employee liability for violations of the act. *Id.* at 1-6.

While the Second Circuit has yet to rule on whether the ADA permits individual employee liability, many other courts, including this Court, have concluded that the ADA does not permit individual liability. *See, e.g., Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995); *Martin v. Town of Westport*, 329 F. Supp. 2d 318, 332 (D. Conn. 2004); *Diggs v. Town of Manchester*, 303 F. Supp. 2d 163, 175 (D. Conn. 2004); *Kennedy v. St. Francis Hosp.*, 225 F. Supp. 2d 128, 144 n. 21 (D. Conn. 2002). As this Court has previously explained, since the definition of "employer" in Title VII and the ADA are identical, and since the Second Circuit has already held that Title VII does not contemplate individual employee liability, *see, e.g.*, *Mandell v. County of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) ("under Title VII individual supervisors are not subject to liability"); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("individual defendants with supervisory control over a plaintiff may not be held personally liable under title VII"), an individual employee is not subject to liability under the ADA. *See Martin*, 329 F. Supp. 2d at 332; *see also Mason*, 82 F.3d at 1009 ("As to individual liability, there is no sound reason to read the Disabilities Act any differently from this Court's reading of Title VII and the Age Discrimination Act. The County Commissioners could not be held liable in their individual capacities for any violation of the Disabilities Act."). It appears to the Court that Plaintiff's chief complaint is directed to the Second Circuit's decisions regarding the scope of Title VII. However, unless and until the Second Circuit rules otherwise, the Court will continue to adhere to that court's rulings on the scope of Title VII and will apply those rulings to the issue of individual liability under the ADA.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss [doc. # 8] and dismisses Counts One through Four as against Ms. Cooper and Ms. Deegan.

IT IS SO ORDERED,

/s/       Mark R. Kravitz      
United States District Judge

Dated at New Haven, Connecticut: **September 18, 2006**